# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ANTHONY CARRASCO aka TONY CARRASCO MOTORS; and NANCY JEAN CARRASCO, an individual,<br><br>                    Plaintiff,<br>vs.<br>STANLEY IVAN HORWITZ, an individual; ANITA HORWITZ, an individual; THE SPRING STAR TRUST, a Trust; KENNETH G. ADAMS REVOCABLE TRUST dtd 05/14/93; and ALAN G. HORWITZ, individually and as trustee of the Star Spring Trust and Kenneth G. Adams Revocable Trust; and DOES 1 through 50,,<br><br>                    Defendant. | CASE NO. 14cv1645-WQH-DHB<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are the Motion to Dismiss Plaintiffs' Second Amended Complaint filed by Defendants Alan G. Horwitz, Kenneth G. Adams Revocable Trust, and the Star Spring Trust (ECF No. 8), the Motion to Dismiss Plaintiffs' Second Amended Complaint filed by Defendants Stanley Horwitz and Anita Horwitz (ECF No. 9), and the Motion to Remand filed by Plaintiffs Jorge and Nancy Carrasco (ECF No. 10).

**I. Background**

On January 29, 2013, Plaintiffs Jorge Anthony Carrasco and Nancy Jean

Carrasco commenced this action by filing a complaint in San Diego County Superior Court. (ECF No. 1 at 2). On June 14, 2014, Plaintiffs filed a second amended complaint, which is the operative pleading (hereinafter "Complaint"). *Id.* On July 11, 2014, Defendant Alan Horwitz removed to this Court pursuant to 28 U.S.C. § 1441(a) on the basis of federal question jurisdiction. (ECF No. 1). Defendant Alan Horwitz has obtained the consent of Defendants Stanley Ivan Horwitz and Anita Horwitz. (ECF No. 1-3 at 2).

On July 22, 2014, Defendants Alan Horwitz, the Kenneth G. Adams Revocable Trust, and the Star Spring Trust filed the Motion to Dismiss Plaintiffs' Second Amended Complaint. (ECF No. 8). On July 25, 2014, Defendants Stanley Horwitz and Anita Horwitz filed the Motion to Dismiss Plaintiffs' Second Amended Complaint. (ECF No. 9). On July 26, 2014, Plaintiffs filed the Motion to Remand Action to State Court. (ECF No. 10). On August 15, 2014, Defendants Stanley Horwitz and Anita Horwitz filed an opposition to the motion to remand. (ECF No. 13). On August 19, 2014, Defendants Alan Horwitz, the Star Spring Trust, and Kenneth G. Adams Revocable Trust filed an opposition to the motion to remand. (ECF No. 14). On August 25, 2014, Plaintiffs filed oppositions to the motions to dismiss. (ECF Nos. 15-16). On August 25, 2014, Plaintiffs filed a reply in support of the motion to remand. (ECF No. 17). On August 29, 2014, Defendants filed replies in support of their respective motions to dismiss. (ECF No. 18-19).

**II. Motion to Remand (ECF No. 10)**

Plaintiffs contend that the notice of removal does not comply with the procedural requirements of the removal statute because Defendant Alan Horwitz failed to "attach all process, pleadings and court orders" in a case that has "extensive procedural history." (ECF No. 10-1 at 4). Defendants contend that 28 U.S.C. section 1447 does not require remand for procedural defects. Defendants rely on 28 U.S.C. section 1447(b) for the proposition that a court may cure a removing party's failure to attach the necessary state court documents. Defendants contend that any defect in failing to

1 attach pleadings and process can be cured.  Defendants Alan Horwitz, The Star Spring
2 Trust, and Kenneth G. Adams Revocable Trust have also submitted sixteen exhibits
3 from the state court proceedings in support of their opposition in an attempt to cure the
4 alleged defect in the notice of removal.

28 U.S.C. section 1446(a) provides:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a).  The Court "may require the removing party to file with its clerk copies of all records and proceedings in such State court or may cause the same to be brought before it by writ of certiorari issued to such State court."  28 U.S.C. § 1447(b). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."  28 U.S.C. § 1447(c).

The procedural requirements of removal are "formal and modal and [ ] not jurisdictional."  *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980). District courts may not ignore the procedural requirements of the removal statute.  *See Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998), *superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681-82 (9th Cir. 2006) ("We do not ... read *Caterpillar* to authorize district courts to ignore the procedural requirements for removal: to the contrary, we agree with *Caterpillar* that '[t]he procedural requirements for removal remain enforceable by the federal trial court judges to whom those requirements are directly addressed.'") (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 78 (1996)).  For example, "the time limit [for removal] is mandatory and a timely objection to a late petition will defeat removal...."  *Fristoe*, 615 F.2d at 1213.  "[A] *party* may waive the defect or be estopped from objecting to the untimeliness by sitting on his rights."  *Id.* (emphasis added).

In this case, Defendants removed on July 11, 2014, and Plaintiffs filed the motion to remand on July 26, 2014, which raises Defendants' failure to attach all "process, pleadings and orders" served upon them. The Court finds that Plaintiffs have timely raised a procedural defect in the notice of removal, as required by 28 U.S.C. 1447(c).

It "is undisputed that the Notice of Removal inadvertently failed to attach all pleadings, process, and orders that had been served on the Star Spring Trust." (ECF No. 14 at 5). Defendants also failed to cure this defect within the thirty days of being served with the SAC, as required by 28 U.S.C. section 1446(b)(1),(2)(B). Star Spring Trust was served on June 14, 2014. (ECF No. 1 at 2). However, Defendants did not attempt to cure Star Spring Trust's failure to "attach all pleadings, process, and orders" until it filed the opposition to the motion to remand on August 19, 2014, more than thirty days later. (ECF No. 14). The Court finds that Defendants' notice of removal is procedurally defective, and Defendants have failed to cure the defect within the thirty day statutory period of 28 U.S.C. section 1446(b).

Despite this procedural defect, Defendants request that the Court exercise its discretion and deny Plaintiffs' motion to remand. There is disagreement among district courts as to whether a district court has discretion to waive this procedural requirement or allow it to be cured beyond the thirty-day removal period, and then deny a timely filed motion to remand that raises this procedural defect. *Compare Kosen v. Ruffing*, No. 08cv0793, 2009 U.S. Dist. LEXIS 659, at *28-32 (S.D. Cal. Jan. 5, 2009) (holding that "the failure of Defendants to attach all necessary documents to the Notice of Removal does not necessitate remand" because "the failure to attach the process and pleadings to the Notice of Removal.... are technical defects that do not deprive the Court of jurisdiction"), *Ackerberg v. Citicorp USA, Inc.*, 887 F. Supp. 2d 934, 938 (N.D. Cal. 2012) (denying timely motion to remand on the ground that the defendants failed to provide a copy of the required state court papers because it was "a technical defect that does not strip this Court of jurisdiction" that the defendants cured), *and Ngo v. Bank of*

*Am.*, No. 10cv1007, 2010 U.S. Dist. LEXIS 65124, at *2-3 (S.D. Cal. June 30, 2010) (to same effect) *with Kisor v. Collins*, 338 F. Supp. 2d 1279, 1279 (N.D. Ala. 2004) (remanding case to state court where the defendants failed to timely provide the required state court papers in their notice of removal because denying remand would make 28 U.S.C. section 1447(c) "nothing more than a vehicle by which an unhappy plaintiff, who selected a presumptively competent state forum, can, at his option, warn the removing defendant who has woefully failed to dot his procedural i's and cross his procedural t's, to amend *post hoc* and post haste, so as to make everybody but the plaintiff happy"), *Andalusia Enters., Inc. v. Evanston Ins. Co.*, 487 F. Supp. 2d 1290, 1300 (N.D. Ala. Mar. 15, 2007) (granting motion to remand because "[t]he provisions of § 1446(a) would be virtually meaningless if a removing defendant can cure its procedural error at any time before an order of remand is entered"), *and Employers-Shopmens Local 516 Pension Trust v. Travelers Cas. and Sur. Co. of Am.*, No. 05-444, 2005 WL 1653629, at *3 (D. Or. July 6, 2005) (finding that the distinction drawn between procedural and jurisdictional defects in the removal statute is to provide the timing in which the non-removing party must object and holding that a failure to attach the necessary state court papers to the notice of removal mandated remand).

Strictly construing the removal statute, there is no provision granting a district court discretion to waive procedural defects in the removal process that are timely and properly objected to by the non-removing party. The Ninth Circuit has held that, with respect to other procedural defects in removal, a district court must remand when a timely motion to remand raises that procedural defect. *See Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999), *superseded by statute on other grounds as stated in Abrego Abrego*, 443 F.3d at 681-82 ("[B]ecause the removal notice was facially defective and the deficiencies uncured within the thirty-day statutory period, removal was improper. [Defendants] plainly and simply failed to meet the removal requirements of 28 U.S.C. § 1446(a)."). Under both the removal statue and Ninth Circuit case law, the only party able to waive procedural requirements of the

removal statute is the non-removing party. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."); *see also Fristoe*, 615 F.2d at 1213 ("[A] *party* may waive the defect or be estopped from objecting to the untimeliness by sitting on his rights." ) (emphasis added).

There is no authority under the removal statute or Ninth Circuit case law for the proposition that *the Court* may cure a procedural defect in removal to prevent remand, or the proposition that a party may cure a procedural defect after the thirty day removal period has expired. *Cf. Prize Frize*, 167 F.3d at 1266 (finding that removal was improper because the removing *defendants* could have cured procedural defects in removal *within the thirty-day statutory period*). The procedural requirements of the removal statute are no less mandatory simply because they do not affect a court's subject matter jurisdiction. *Caterpillar*, 61 U.S. at 78 ("The procedural requirements for removal remain enforceable by the federal trial court judges to whom those requirements are directly addressed.").

Even if the Court had discretion to waive Defendants' compliance with the removal statute, the Court would not exercise its discretion in retaining jurisdiction over this case. Defendants filed the notice of removal on July 11, 2014. Plaintiffs filed the motion to remand on July 26, 2014, which would have alerted Defendants to the procedural defect in removal. From that date, Defendants had sixteen days to cure the defects in their notice of removal before the statutory thirty day period ended. Defendants offer no reasons for why they were unable to do so.

The Court concludes that this action should be remanded to San Diego County Superior Court because Defendants have failed to comply with the procedural requirements of the removal statute.

**III. Conclusion**

IT IS HEREBY ORDERED that the Motion for Remand is GRANTED. (ECF

1  No. 10). Pursuant to 28 U.S.C. § 1447(c), this action is REMANDED to San Diego
2  County Superior Court, where it was originally filed and assigned case number 37-
3  2013-000324340CU-BC-CTL. IT IS FURTHER ORDERED that the Motion to
4  Dismiss filed by Defendants Alan G. Horwitz, Kenneth G. Adams Revocable Trust, and
5  the Star Spring Trust and the Motion to Dismiss filed by Defendants Stanley Horwitz
6  and Anita Horwitz are DENIED as moot. (ECF Nos. 8-9).
7  DATED: October 23, 2014

*William Q. Hayes* (signature)
**WILLIAM Q. HAYES**
United States District Judge