# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ANTHONY CARRASCO aka TONY CARRASCO MOTORS; and NANCY JEAN CARRASCO, an individual,<br><br>                   Plaintiff,<br>vs.<br>STANLEY IVAN HORWITZ, an individual; ANITA HORWITZ, an individual; THE SPRING STAR TRUST, a Trust; KENNETH G. ADAMS REVOCABLE TRUST dtd 05/14/93; and ALAN G. HORWITZ, individually and as trustee of the Star Spring Trust and Kenneth G. Adams Revocable Trust; and DOES 1 through 50,,<br><br>                   Defendant. | CASE NO. 14cv1645-WQH-DHB<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is the Motion for Reconsideration of this Court's October 23, 2014 Order remanding this case to San Diego County Superior Court. (ECF No. 29).

**I. Background**

    On January 29, 2013, Plaintiffs Jorge Anthony Carrasco and Nancy Jean Carrasco commenced this action by filing a complaint in San Diego County Superior Court. (ECF No. 1 at 2). On June 14, 2014, Plaintiffs filed a second amended complaint, which is the operative pleading. *Id.* On July 11, 2014, Defendants Alan

Horwitz, the Star Spring Trust, and the Kenneth G. Adams Revocable Trust removed to this Court pursuant to 28 U.S.C. § 1441(a) on the basis of federal question jurisdiction. (ECF No. 1). On July 26, 2014, Plaintiffs filed a motion to remand on the ground that Defendant Star Spring Trust failed to attach a copy of all process, pleadings, and orders served upon him in state court. (ECF No. 10). On October 23, 2014, the Court issued an order granting Plaintiffs' motion to remand and remanding this case to San Diego County Superior Court. (ECF No. 28). In the October 23, 2014 Order, the Court found that "Plaintiffs have timely raised a procedural defect in the notice of removal" in Defendants' failure to attach all "process, pleadings, and orders" as required by 28 U.S.C. section 1446(a). *Id.* at 4. The Court noted that Defendants' failure to attach all "process, pleadings, and orders" was undisputed. The Court found that Defendants had failed to cure this procedural defect within thirty days, attempting to cure the defect for the first time in opposition to Plaintiffs' motion for remand. The Court concluded that it lacked discretion to waive or cure Defendants' failure to attach all "process, pleadings, and orders" within the thirty day period, and remanded the case to San Diego County Superior Court.

On October 30, 2014, Defendants filed the Motion for Reconsideration. (ECF No. 29). On November 22, 2014, Plaintiffs filed an opposition. (ECF No. 32). On December 1, 2014, Defendants filed a reply. (ECF No. 33).

**II. Discussion**

Defendants contend that the Court erred by relying on the fact that only one Defendant, the Star Spring Trust, failed to attach all "process, pleadings, and orders," while the other removing defendants complied with the removal statute. Defendants contend that Defendant Star Spring Trust could therefore consent to joining Defendants Alan Horwitz's and Kenneth G. Adams Trust's proper removals. Defendants contend that the Court erred in finding that it lacked authority to allow the removing parties to cure the alleged defect. Defendants cite to *Kuxhausen v. BMW Fin. Servs. NA, LLC*, 707 F.3d 1136 (9th Cir. 2013) for the proposition that a removing defendant has a right

to cure the removal defect of failing to attach all "process, pleadings, and orders." Defendants contend that the Court erred in applying a thirty-day period in which Defendants were required to cure procedural defects to their removal.

Plaintiffs contend that Defendants removed together, and, therefore, the failure of one Defendant to comply with the removal statute amounts to a procedurally defective removal. Plaintiffs contend that *Kuxhausen* is distinguishable because it was a class action case and involved the failure to attach the original complaint. Plaintiffs assert that in this case, "[a]t least 3 ... pleadings and orders are still lacking from the filing." (ECF No. 32 at 5). Plaintiffs contend they will suffer injustice from removal because this case had proceeded in state court for seventeen months prior to removal.

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conversation of judicial resources." *Kona Enters. Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *see also United Natn'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

In *Kuxhausen*, the defendant removed a class action filed in California state court to federal court. The plaintiff moved to remand on the ground that removal was untimely. The district court granted the motion, but the Ninth Circuit Court of Appeals reversed and held that removal was timely. The plaintiff contended that remand was nevertheless proper because the defendant's "failure to attach her original complaint to its notice of removal is an infirmity warranting remand." *Id.* at 1142. The Ninth Circuit rejected this contention:

> The district court declined to rest on this basis and so do we. Here, once Kuxhausen raised this objection in the district court, BMW identified precisely where the missing complaint could be found in the record, and indicated that should the court desire copies of other state documents

1  "[d]efendants will of course supply them." We agree with a leading treatise and with our sister circuits that "this de minimis procedural defect was curable" even "after expiration of the thirty-day removal period." *See Countryman v. Farmers Ins. Exch.*, 639 F.3d 1270, 1272 (10th Cir.2011); *Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir.2011); 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3733 (4th ed. 2011) (explaining that "both the failure to file all the state court papers and the failure to provide the Federal Civil Rule 11 signature are curable in the federal court" (footnotes omitted)).

*Id.* The Ninth Circuit reversed the district court's remand.

Under *Kuxhausen*, the failure to attach "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action" to a notice of removal is a curable defect and not a sufficient basis for remand. 28 U.S.C. § 1446(a). The failure to attach "a copy of all process, pleadings, and orders served upon such defendant or defendants" in this case was a curable defect and this case should not be remanded to San Diego County Superior Court. *Id.* The Court finds that Defendants cured this defect by filing sixteen exhibits from the state court proceedings that consists of all three complaints, Defendants' answers, court orders, and summonses. *See* ECF No. 14. To the extent that any state court filing is missing, the Court "may require the removing party to file with its clerk copies of all records and proceedings in such State court or may cause the same to be brought before it by writ of certiorari issued to such State court." 28 U.S.C. § 1447(b).

Defendants' motion for reconsideration is granted.

**III. Conclusion**

IT IS HEREBY ORDERED that the Motion for Reconsideration is GRANTED. (ECF No. 29). Plaintiffs' motion to remand is DENIED. (ECF No. 10).

IT IS FURTHER ORDERED that the Court's October 23, 2014 Order is VACATED. (ECF No. 28). The case will proceed. The Court will rule on Defendants' motions to dismiss. (ECF Nos. 8 and 9).

DATED: December 17, 2014

**WILLIAM Q. HAYES**
United States District Judge