1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11

12

13

14

15

16

17

18

19

| | |
|---|---|
| JORGE ANTHONY CARRASCO aka TONY CARRASCO MOTORS; and NANCY JEAN CARRASCO, an individual, | CASE NO. 14cv1645-WQH-DHB |
| | **ORDER OF REMAND** |
| Plaintiff, | |
| vs. | |
| STANLEY IVAN HORWITZ, an individual; ANITA HORWITZ, an individual; THE SPRING STAR TRUST, a Trust; KENNETH G. ADAMS REVOCABLE TRUST dtd 05/14/93; and ALAN G. HORWITZ, individually and as trustee of the Star Spring Trust and Kenneth G. Adams Revocable Trust; and DOES 1 through 50, | |
| Defendant. | |

20  HAYES, Judge:

21      On January 29, 2013, Plaintiffs Jorge Anthony Carrasco and Nancy Jean

22  Carrasco commenced this action by filing a Complaint in San Diego County Superior

23  Court. (ECF No. 1 at 2).  On June 14, 2014, Plaintiffs filed the Second Amended

24  Complaint ("SAC"), which is the operative pleading. *Id.*  The SAC asserted two claims

25  for violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO")

26  and various state-law claims.  On July 11, 2014, Defendants Alan Horwitz, the Star

27  Spring Trust, and the Kenneth G. Adams Revocable Trust removed the action to this

28  Court pursuant to 28 U.S.C. § 1441(a) on the basis of federal question jurisdiction.

1  (ECF No. 1).   On July 22, 2014, Defendants Alan Horwitz, Kenneth G. Adams

2  Revocable Trust, and The Star Spring Trust filed the Motion to Dismiss Plaintiffs'

3  Second Amended Complaint.  (ECF No. 8).  On July 25, 2014, Defendants Stanley

4  Horwitz and Anita Horwitz filed the Motion to Dismiss Plaintiffs' Second Amended

5  Complaint. (ECF No. 9).  Both motions requested dismissal of Plaintiffs' RICO claims.

6  On January 7, 2015, the Court issued an Order granting the motions to dismiss.

7  (ECF No. 37).  The Court dismissed Plaintiffs' RICO claims without prejudice.  The

8  Court stated: "No later than **thirty (30) days** from the date this Order is filed, Plaintiffs

9  may file a motion for leave to file a first amended complaint. If no motion for leave to

10  file a first amended complaint is filed, Defendants shall show cause as to why this case

11  should not be remanded to state court within **twenty (20) days** of the expiration of the

12  thirty-day period." *Id.* at 15.  The docket reflects that Plaintiffs did not file a motion for

13  leave to file a first amended complaint within thirty days of the Court's January 7, 2015

14  Order.  The docket further reflects that Defendants have not filed a response to the

15  Court's order to show cause within twenty days of the expiration of the thirty-day

16  period.

17  "[I]n any civil action of which the district courts have original jurisdiction, the

18  district courts shall have supplemental jurisdiction over all other claims that are so

19  related to claims in the action within such jurisdiction that they form part of the same

20  case or controversy under Article III of the United States Constitution."  28 U.S.C. §

21  1367(a).  "The district courts may decline to exercise supplemental jurisdiction over a

22  claim under subsection (a) if ... the district court has dismissed all claims over which

23  it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  A district court has discretionary

24  authority to remand under 28 U.S.C. § 1367(c).  *United Investors Life Ins. Co. v.*

25  *Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004).  "[I]n the *usual* case in which

26  federal-law claims are eliminated before trial, the balance of factors ... will point toward

27  declining to exercise jurisdiction over the remaining state law claims."  *Schneider v.*

28  *TRW, Inc.*, 938 F.2d 986, 993 (9th Cir. 1991) (quoting *Carnegie-Mellon Univ. v. Cohill*,

1   484 U.S. 343, 350 n.7 (1970)) (emphasis in original).   "Supreme Court and Ninth

2   Circuit precedent teaches us that the district court is in the best position to judge the

3   extent of resources invested in a case and that, therefore, the district court's discretion

4   ought not be lightly disturbed."  *Id.* at 993-94.  "Depending on a host of factors,

5   then—including the circumstances of the particular case, the nature of the state law

6   claims, the character of the governing state law, and the relationship between the state

7   and  federal  claims—district  courts  may  decline  to  exercise  jurisdiction  over

8   supplemental state law claims."  *Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173

9   (1997).  "While discretion to decline to exercise supplemental jurisdiction over state

10  law claims is triggered by the presence of one of the conditions in § 1367(c), it is

11  informed by the [*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966)] values

12  'of economy, convenience, fairness, and comity.'"  *Acri v. Varian Assocs., Inc.*, 114

13  F.3d 999, 1001 (9th Cir. 1997) (en banc).  "[A] district court has discretion to remand

14  to state court a removed case involving pendent claims upon a proper determination that

15  retaining jurisdiction over the case would be inappropriate."  *Cohill*, 484 U.S. at 357;

16  *see also Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 977 (9th Cir. 2006)

17  ("Dismissal of the federal claim would ... ordinarily ... have authorized the district court

18  to remand the pendent state law claims.").

19       In this case, Defendants removed the action on the basis of federal question

20  jurisdiction.  (ECF No. 1).  The notice of removal does not assert diversity of

21  citizenship.  The notice of removal asserts that the Court has supplemental jurisdiction

22  over Plaintiffs' state-law claims.  This action was pending in San Diego County

23  Superior Court for over seventeen months before it was removed to this Court, and the

24  Court has not addressed the merits of Plaintiffs' state-law claims.  Taking into

25  consideration the values of economy, convenience, fairness, and comity, the Court

26  declines to exercise supplemental jurisdiction over Plaintiffs' state-law claims.

27       IT IS HEREBY ORDERED that this action is REMANDED to the Superior

28  Court of California for the County of San Diego, where it was originally filed and

1    assigned case number 37-2013-00032434-CU-BC-CTL.

2    DATED:  March 6, 2015

3                                                    *William Q. Hayes*
                                                     **WILLIAM Q. HAYES**
4                                                    United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28